### Consolidated Coal Company of St. Louis v. William Francis.

MASTER—*what not failure to furnish safe place to work.* It cannot be said that a master has failed to furnish a safe place to work merely because by premature shot or other act of a miner working at the face of coal in a room in which a servant was hauling coal, such servant was injured, or because a collision of cars or a wreck occurred at the place where a servant was engaged in performing his duties.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Reversed, with finding of facts. Opinion filed March 15, 1907.

FORMAN & WHITNEL, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This action was brought by appellee against appellant to recover damages for injuries received while in the employ of appellant. The declaration charges negligence which it is alleged caused the injuries complained of. The defendant pleaded not guilty, and the case was tried by a jury, a verdict for plaintiff for $800 was returned, a motion for a new trial overruled, judgment rendered on the verdict, and the defendant appealed.

Appellant owns and operates a coal mine in St. Clair county, Illinois. On September 14, 1905, the date of the injury sued for, it had employed at this mine about eighty men engaged in mining and hoisting coal. It was a new mine, not yet fully developed, having been opened in April, 1905. The shaft had been sunk and main entries opened extending north, south, east and west from the bottom of the shaft. Appellee was employed by appellant as a mule driver, hauling coal from the face where the miners were at work, to the bottom, where it was taken by the cager and hoisted to the surface. Appellee had twenty-seven years' experience in mine work and had been in this mine since it was opened up and for two months before his injury had been driving a mule. He had hauled coal from all the entries at various times and was acquainted with all parts of the mine and the manner of doing the work. He was informed of the custom in that mine that the shooting or blasting of coal occurred at 12 o'clock noon and 3 o'clock P. M., each day, and that it was the duty and custom of drivers and cagers to be at the shaft bottom, a known place of safety, at shooting time. On the 14th day of September, 1905, and for several days prior thereto, six miners were working in the run-around entry between the west main and south main entry, cutting, shooting and loading coal. This run-around entry was about to break through into the main south entry. It was the general practice and custom of the miners in this mine to call "fire" before shooting. At 3 o'clock, shooting time, on the day in question, appellee was in the south main entry, 60 feet from the shaft, near the point where the run-

Consolidated Coal Co. v. Francis.

around entry would break through when the miners, working in the run-around, fired a shot previously prepared. This caused a break through the coal in the south main entry, and some of the coal was thrown upon or against appellee and injured him.

The declaration is in one count, charging appellant with negligence in failing to exercise reasonable care to provide appellee with a reasonably safe place to work, and upon issue made by a plea of not guilty, the case was tried and a verdict and judgment for appellee obtained in the court below.

There is little or no dispute as to the facts in this case, and, for the most part, counsel are in harmony upon propositions of law discussed in argument. It does not require the citation of authority to establish the proposition, that it is the master's duty to use reasonable care to furnish his servant with a reasonably safe place to work, nor will it be disputed that in an action of this kind the evidence must fit the declaration and that a recovery may be justified the evidence must be in proof of the negligence alleged. It is in the application of recognized principles of law to the evidence, or in the effect given to the evidence as applied under the law to the issues made by the pleading, that makes the controversy here. And by error duly assigned upon the action of the trial court in refusing a peremptory instruction directing the jury to find appellant not guilty, the appellee's right to a verdict and judgment under the law and the evidence is brought in question and is now to be determined by this court.

We find no proof in the record that the place where appellee was required to work was unsafe, or that appellant failed to provide a safe place to work, or that the injury received was due to any act or omission of appellant alleged as negligence in the declaration. The work in progress at the time of the accident was to connect the run-around entry with the south main entry and was calculated to diminish, rather than increase, the danger to appellee and all other workmen in the mine, and in that respect appellant was in performance of its duty to provide a safe working place for em-

ployees. Until the moment the shot was fired, and afterwards, the place where appellee was injured, was perfectly safe so far as alleged or proven. Until that time there was nothing the appellant had done or omitted, affecting the safety of the entries, that can be said to have been a failure to exercise reasonable care to provide a reasonably safe place for appellee to work. The break in the entry and the falling of the coal upon the appellee was caused by the firing of the shot by one of the miners in the process of mining. In attributing liability we do not see in what respect this case differs from any other in which one miner or employee is injured by the act of another employee while both are engaged in taking out coal. If by premature shot or other act of the miner working at the face of the coal in a room from which appellee was hauling coal, a like accident occurred, could recovery be had on a charge of negligence as alleged in this declaration? Would the collision of cars on the track in the entry, or the wreck of a railway train by a mislaid switch, be attributed to the master's negligence in failure of duty to provide a safe place to work? We do not think so. Under the evidence in this record we are constrained to hold that appellee has no cause of action, and that it was error to refuse the peremptory instruction. The judgment of the Circuit Court will therefore be reversed with a finding of facts.

*Reversed, with finding of facts.*

We find as facts, to be incorporated with the judgment, that the appellant is not guilty of negligence as charged in the declaration, and that the injuries complained of were not the proximate result of appellant's negligence.